IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MINH HOANG, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH SUBPOENA TO WITNESSES and DENYING WITHOUT PREJUDICE MOTION TO QUASH DOCUMENT REQUESTS <br><br> Case No. 2:17-CR-444 <br><br> District Judge Tena Campbell <br><br> Magistrate Judge Dustin B. Pead |

Judge Tena Campbell referred this matter to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A) to determine nondispostive matters. (ECF No. 199.) Pending before the court are two motions filed by non-party Becton, Dickinson and Company (BD). A motion to quash trial subpoenas where BD seeks to quash certain subpoenas served by Defendant Minh Hoang seeking trial testimony. (ECF No. 186.) And second, a motion to quash Mr. Hoang's subpoena to produce documents. (ECF No. 191.) The court heard argument on both motions January 7, 2020. Daniel R. Levy represented BD and Kelly Hoang represented Defendant.

## I. Motion to Quash Subpoenas issued to trial witnesses.

The court individually considered the witnesses that are subject to the motion to quash. After hearing from Defendant and considering Defendant's ex-parte submission, the court grants the motion in part. The subpoenas for the following witnesses are quashed: Allison Cook, Dianne Dotty, James Glenn, Jeff Johnson, Randy Jones, Steve Pollock, and Jacob Allen. Under Federal Criminal Rule of Procedure 17 the court may quash or modify a subpoena if compliance would be unreasonable or oppressive. *See* Fed. R. Crim. P. 17. The court has considered the specifics as

to these witnesses and finds the subpoenas oppressive and the witnesses immaterial to the defense. *See United States v. Schneider*, 594 F.3d 1219, 1228 (10th Cir. 2010) (noting that trial courts are permitted to impose reasonable time limits on the presentation of evidence); *United States v. Bloomgren*, 814 F.2d 580 (10th Cir. 1987) (holding that the trial court did not abuse its discretion in limiting the defendant to three of his requested 26 subpoenas where testimony would have been cumulative); *U.S. v. Beasley*, 479 F.2d 1124 (5th Cir. 1973) (finding the court's granting of subpoenas for primary witnesses sought by the defendant sufficient and those not subpoenaed would have been immaterial to defense).

The court preliminary allows subpoenas to the following witnesses, finding that on initial review, it appears they may have specific, relevant, admissible testimony: Suzette Aiello, Joanne Ferranti, John Ledek, Robert Peck, Chris Rudolph, Henry Boland, and Darin Vincent. These witness are to be available to testify January 15th through January 31st. Counsel for BD and counsel for Defendant are to work together to accommodate any conflicts these potential witnesses may have. Following the conclusion of the Government's case-in-chief, Defendant is to submit a sealed ex-parte application as to these witnesses specifically detailing what these witnesses will testify to that is relevant, unique, and admissible. This is to be submitted by January 18th if the case-in-chief is completed by January 17th, or by 5 p.m. the day following the completion of the case-in-chief. The court notes this is a preliminary determination, subject to the final determination, from Judge Campbell as to allowable testimony.

**II.     Motion to Quash Subpoena for Records.**

In response to BD's motion to quash, Defendant filed a revised subpoena request for records on Friday January 3, 2020. (ECF No. 197.) During argument the court determined that a meaningful meet and confer between the parties was necessary to help further narrow and

resolve the new revised requests. The court, therefore, ORDERS the parties to have a meaningful meet and confer finished by 5:00 p.m. on Thursday, January 9th. The parties are to act in good faith to narrow the requested items to those that can be reasonably provided and reviewed in light of the ongoing trial. If there is disagreement as to issues, Defendant may file a motion to compel documents via subpoena by Friday, January 10th at 5:00 p.m. BD may file any response by Monday, January 13th at 5:00 pm. The court will then resolve any remaining disputes in a timely fashion.

**ORDER**

Based upon foregoing BD's Motion to Quash Subpoena for Records is Denied Without Prejudice.

It if FURTHER ORDERED that BD's Motion to Quash Subpeona for Witnesses is Granted in Part and Denied in Part and held in Abeyance as to the remaining witnesses set forth above with their testimony being subject to an additional showing by Defendant.

IT IS SO ORDERED.

DATED this 7 January 2020.

_____
Dustin B. Pead
United States Magistrate Judge